NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH B. PEKAROFSKI,<br><br>                Plaintiffs,<br><br>   v.<br><br>PSE&G.,<br><br>                Defendant. | Civil Action No. 11-cv-01466 (SDW)<br><br><br>OPINION<br><br><br>December 20, 2011 |

**WIGENTON**, District Judge.

    Before the Court is Defendant Public Service Electric and Gas Company's ("PSE&G") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and Motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1367.  Venue is proper pursuant to 28 U.S.C. § 1391(b).  This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, this Court **GRANTS** Defendant's Motion to Dismiss for lack of subject matter jurisdiction and **DENIES** all other motions as **MOOT**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

    On March 8, 2011, Plaintiff Kenneth D. Pekarofski ("Plaintiff"), appearing pro se, commenced this action against Defendant PSE&G.  Plaintiff filed a one-count complaint that alleges violations of his constitutional rights.  Specifically, Plaintiff alleges that PSE&G, under the suspicion that Plaintiff was involved in organized crime, placed microphones in his home, which allow public citizens to hear what takes place in Plaintiff's residence.  Plaintiff states in

his complaint that PSE&G's suspicion was based on a false accusation by a third party.  Plaintiff also stated that he "can get PSE&G on slander, invasion of privacy, harassment, so on and so forth." (*See* Compl.)  On June 17, 2001, PSE&G brought the instant motions to dismiss Plaintiff's claims.

## II.   MOTION TO DISMISS

### a.  Legal Standard

The adequacy of pleadings is governed by Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  The rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief." (citation omitted)).  When reviewing a motion to dismiss, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 233.

As a general rule, a district court deciding a motion to dismiss may consider only the contents of the pleadings. Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002) (internal citation omitted).  However, there exists an exception to that general rule in that "'[d]ocuments that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim.'" Cooper

v. Samsung Elecs. America, Inc., 374 F. App'x 250, 253 n.3 (3d Cir. Mar. 30, 2010) (quoting Pryor, 288 F.3d at 560).

### b. Standing

To bring a suit in federal court, a plaintiff must have standing pursuant to Article III of the United States Constitution. To establish Article III standing, a plaintiff must show: (1) injury in fact, (2) causation, and (3) redressability. *See Horvath v. Keystone Health plan E., Inc.*, 333 F.3d 450, 455 (3d Cir. 2003); *Lujan v. Defenders of Wild-life*, 504 U.S. 555, 560-61 (1992). "To demonstrate an injury in fact, a plaintiff must demonstrate the "invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 561. Furthermore, "there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." *Id.* Last, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* "[T]he injury must affect the plaintiff in a personal and individual way." *Id.*

Here, Plaintiff's allegations are insufficient to establish subject matter jurisdiction. Plaintiff merely alleges in his complaint that PSE&G placed microphones in his home thereby violating his constitutional rights. Plaintiff, however, does not provide any factual allegations supporting his contention that PSE&G in fact did place microphones in his home. Therefore, Plaintiff's alleged injury is not fairly traceable to PSE&G's alleged conduct. *See Lujan* 504 U.S. at 561. Furthermore, Plaintiff has not specified his injury. Instead, Plaintiff simply uses the generic term "constitutional rights" to refer to the injury caused by PSE&G's alleged actions. Plaintiff's allegations are also insufficient to illustrate that Plaintiff is entitled to relief. *See* FED.

R. CIV. P. 8(a)(2).  Since Plaintiff has failed to satisfy the first element of standing, thereby making it impossible to establish standing, this Court need not address PSE&G's remaining arguments.

**CONCLUSION**

For the reasons set forth above, Defendant's motion is **GRANTED**.

<u>s/Susan D. Wigenton, U.S.D.J.</u>

Orig:   Clerk
Cc:     Madeline Cox Arleo, U.S.M.J.
        Parties